```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEAN C. COX                      :          CIVIL ACTION
                                 :
     v.                          :
                                 :
FOSTER WHEELER, LLC, et al.      :          NO. 24-305
```

MEMORANDUM

Bartle, J.                                          July 29, 2025

      Before the court is the motion of defendant Watts Water Technologies, Inc. ("Watts Technologies") under Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss for lack of personal jurisdiction. The burden of proof to establish personal jurisdiction is on the plaintiff. Martin v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).

I

      According to the complaint David Cox was diagnosed in August 2022 with Stage IV lung cancer allegedly sustained as a result of asbestos exposure while working as an insulator at the Philadelphia Naval Shipyard from 1974 to 1987. Following Mr. Cox's death in September 2022, his widow and administratrix Jean C. Cox, commenced this action on December 19, 2024 against eleven defendants including Watts Technologies in the Court of Common Pleas of Philadelphia County seeking damages for her late husband's personal injuries and wrongful death. The action was

timely removed to this court on January, 23 2024 based on diversity of citizenship.

The only evidence plaintiff cites to support liability against Watts Technologies comes from the deposition testimony of Albert Pappalardo, a co-worker of David Cox, in a different case.  Mr. Pappalardo testified that David Cox was in Mr. Pappalardo's vicinity as Mr. Pappalardo removed, cut, and installed asbestos-containing gaskets and packing from "Watts" branded steam traps and valves.  Pappalardo Dep. III at 409:3-10:2 and P-3 17:9-24:13. Significantly, Mr. Pappalardo's testimony covered only a period between 1975 and 1983. Pappalardo Dep. III at 382:13-83:2.

Defendant's website, on which plaintiff also relies to establish personal jurisdiction, recounts what appears to be a company history.  The history begins with the arrival of English machinist Joseph E. Watts in Massachusetts in 1857.  Seventeen years later, in 1874, he started a machine shop under the name Watts Regulator Co.  This company originally supplied machinery parts and fittings to local textile mills, but the inventive Joseph E. Watts soon become known for his novel steam and water pressure regulators.  In 1918 Watts Regulator Co. was bought by B.E. Home and continued to expand.  In 1935 Watts Regulator Co. was organized under the laws of Massachusetts for the manufacturing and sale of various plumbing devices.  In the

subsequent annual reports to the Commonwealth of Massachusetts, Watts Regulator Co. is described as a manufacturer.

Watts Industries, Inc. was incorporated in Delaware in 1985 to engage through its subsidiaries in the manufacture of safety and flow control valves. The company went public shortly thereafter. In the annual reports filed with the Commonwealth of Massachusetts, Watts Industries, Inc. is listed as a holding company. Both the Massachusetts and SEC annual filings of Watts Industries, Inc. describe Watts Regulator Co. as its wholly owned subsidiary.

In September 2003, Watts Technologies was incorporated under the laws of Delaware. In October 2003, it was merged with Watts Industries, Inc. which was the surviving corporation. Watts Industries, Inc. simultaneously changed its name to Watts Technologies. Both Watts Regulator Co. and Watts Technologies continue to submit separate annual reports to the Commonwealth of Massachusetts through the present day. Watts Regulator Co. is characterized as a manufacturing company and wholly owned subsidiary of Watts Technologies, a holding company.

On May 22, 2025 Watts Technologies filed its motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The court thereafter held argument regarding the motion on July 15, 2025. Plaintiff never requested any discovery related to personal jurisdiction after defendant filed its motion.

II

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's personal jurisdiction over any defendant. A federal court must look to law of the state where it sits to decide the bounds of its jurisdictions over parties. See Fed. Rule Civ. Proc. 4(k)(1)(a). The Pennsylvania long arm statute provides for personal jurisdiction to the full extent allowed under the Due Process Clause. 42 Pa. C.S.A § 5322(b).

There are two types of personal jurisdiction: general and specific. General jurisdiction may be exercised by a state where a company is "at home," that is, where it is either incorporated or has its principal place of business. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Under general jurisdiction the claims do not have to relate to conduct in the forum. Id. at 754. General jurisdiction is not an issue here as Watts Technologies is incorporated in Delaware with its principal place of business in Massachusetts.

Specific jurisdiction is a far narrower concept than general jurisdiction. The Supreme Court has held that for a court to exercise specific jurisdiction "the suit must arise out of or relate to the defendant's contacts with the forum." Ford Motor Co. v. Montana Eighth Judicial District Court, 592 U.S.

4

351, 359 (2021) (quoting Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255, 262 (2017)).

Plaintiff, as noted, argues that decedent was exposed to asbestos attached to Watts valves and steam traps in Pennsylvania. Clearly specific jurisdiction exists if the Watts valves and steam traps were manufactured, distributed, or sold by Watts Technologies or Watts Industries, Inc.

The difficulty for plaintiff is that Watts Technologies and Watts Industries, Inc. did not exist when David Cox was working with "Watts" products. The evidence about decedent's exposure to asbestos from Watts steam traps and valves ends in 1983, two years before Watts Industries, Inc. was formed. For plaintiff to succeed she must establish that Watts Technologies, previously known as Watts Industries, Inc., is legally responsible for what occurred prior to its existence.

Directors, officers, and shareholders can be held liable for the actions of its corporation by piercing the corporate veil. However, "[t]here is a strong presumption in Pennsylvania against piercing the corporate veil." Mortimer v. McCool, 225 A.3d 261, 268 (Pa. 2021) (citing Lumax Indus., Inc. v. Aultman, 669 A.2d 893 (Pa. 1995). "Any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific unusual circumstances call for an exception." Id. (citing Wedner v. Unemployment Bd. of Review,

5

296 A.2d 792, 794 (Pa. 1972).  Additionally, "the general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person.  Lumax Indus., Inc., 669 A.2d 893 (citing College Watercolor Group, Inc. v. William H. Newbauer, Inc., 360 A.2d 200, 207 (Pa. 1976).

The Supreme Court of Pennsylvania set out a two-prong test to determine when piercing the corporate veil is appropriate.  "First there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and second, adherence to the corporate fiction under the circumstances would sanction fraud or promote injustice...." Mortimer, 225 A.3d 261 at 286-287.  Fraud, the second element, is simply a restatement that piercing the veil is an equitable remedy used to prevent injustice.  Id.  Based on the separate Massachusetts filings of Watts Technologies and Watts Regulator Co., Watts Technologies has a separate personality and exists separately from Watts Regulator Co.  Plaintiff has not come close to coming forward with sufficient evidence for piercing the corporate veil to make Watts Technologies responsible for any conduct of Watts Regulator Co.

III

The plaintiff additionally argues Watts Technologies has consented to personal jurisdiction through its actions.

6

Plaintiff asserts that counsel entered an appearance on behalf of Watts Technologies, that Watts Technologies answered the complaint, and that counsel actively participated in questioning Mr. Pappalardo at his deposition.

Our Court of Appeals has explained that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230 1236 (3d Cir. 1994). "[W]here a party seeks affirmative relief from a court it normally submits itself to the jurisdiction of the court." In re Asbestos Prods. Liab. Litig. (No. VI), 921 F.3d 98, 105 (3d Cir. 2019) (quoting Bel-Ray Co. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999)).  The filing of counsel's appearance does not waive personal jurisdiction.  See Blessing v. Chandrasekhar, 988 F.3d 889, 900 (6th Cir. 2021).  Likewise, the filing of an answer does not waive personal jurisdiction.  See In re Asbestos Prods. Liab. Litig. (No. VI), 921 F.3d at 106.

Nevertheless, a defendant can still waive personal jurisdiction through conduct even if it raises the issue as a defense in an answer.  See Ins. Corp of Ireland, Ltd. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704-05 (3d Cir. 1982). The Court of Appeals for the First Circuit has held that a

7

personal jurisdiction defense was waived where an attorney attended thirteen depositions and four years had passed between filing an appearance and filing a motion to dismiss. See Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 997 (1st Cir. 1983). Furthermore, the Seventh Circuit held that even though a party contested personal jurisdiction in its answer, the party waived their defense of lack of personal jurisdiction because it participated in discovery for two-and-a-half years and filed various motions without continuing to oppose personal jurisdiction. See Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1296-97 (7th Cir. 1993).

In contrast, a U.S. District Court in the Eastern District of Pennsylvania held that the defense of lack of personal jurisdiction was not waived where all a party did was sit for a remote videotape deposition. See Richard v. U.S. Airways, Inc., 2011 WL 248446, at *2 (E.D. Pa. Jan. 26, 2011).

It appears that Watts Technologies participated in the consolidated deposition of Mr. Pappalardo in three state court actions in October of 2023. However, there is no evidence that Watts Technologies has participated in a deposition in this pending federal action.[1] Watts Technologies was named a

---

1. In two of the state court cases, Mr. Pappalardo was a plaintiff. In the other case, it appears that the plaintiff was the Estate of David Cox.

8

defendant when plaintiff filed the present case in the state court in December 2023.  That case was timely removed to this court in January 2024.  In its answer Watts Technologies raised lack of personal jurisdiction as a defense.  It is authorized to do so under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Plaintiff was thus on notice of this affirmative defense.[2]  As far as the record reveals, Watts Technologies has not participated in the case to such an extent as to waive its defense of lack of personal jurisdiction.  It has not sought affirmative relief except to seek dismissal under Rule 12(b)(2).

IV

Accordingly, the motion of defendant Watts Technologies under Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss for lack of personal jurisdiction will be granted.

---

2.   At oral argument plaintiff's counsel advised the court that interrogatories had been served on defendant in July 2024. Among the interrogatories were questions about the relationship between Watts Technologies and Watts Regulator Co.  Watts Technologies objected to the questions, but plaintiffs never filed a motion to compel.