IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN C. COX | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FOSTER WHEELER, LLC et al. | : | NO. 24-305 |

MEMORANDUM

Bartle, J. September 22, 2026

This is a wrongful death and survival action brought under 28 U.S.C. § 1333 by Jean C. Cox, the widow and the administratrix of the Estate of David Cox, against defendant John Crane Inc. and others. Cox, a pipefitter and insulator employed by the Philadelphia Naval Shipyard from 1974 to 1987, was diagnosed with lung cancer in August 2022 and died less than two weeks later.[1] Plaintiff alleges his death resulted from exposure to asbestos contained in John Crane's packing and gasket materials. She has brought claims for strict liability, negligence, breach of warranty, and negligent misrepresentation.

Before the court is the motion of defendant to exclude the testimony of plaintiff's damages expert Royal A. Bunin, M.B.A.

1 Plaintiff had also alleged that Cox served in the Navy between 1970 and 1974. Plaintiff has conceded that she has no evidence that defendant's products were on any ships on which he served during this period. Pl.'s Resp. in Opp'n to Def. John Crane Inc.'s Mot. to Exclude Captain Woodruff 15, Dkt. No. 188.

I

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The court is charged as a gatekeeper. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 597 (1993). Pursuant to Rule 104(a), this court must decide preliminary questions about whether the expert meets the requirements of Rule 702. It must determine if: (1) the expert is qualified; (2) the proposed testimony is reliable, that is supported by scientific methods and procedures; and (3) the proposed testimony fits the case, that is "sufficiently tied to the facts of the case." Cohen v. Cohen, 125 F.4th 454, 460 (3d Cir. 2025). Rule 702's "fit" prong requires that an expert's opinion assist the trier of fact to be admissible. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 742-43 (3d Cir. 1994).

"[S]cientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes," and there must be "a valid scientific connection to the pertinent inquiry" for an expert opinion to be admissible. Id. at 743 (quoting Daubert, 509 U.S. at 591-92).

Defendant, for present purposes, does not challenge Bunin's qualifications. It argues that his testimony does not fit this action and that his methodology is faulty.

II

Bunin has calculated the economic damages arising out of Cox's death, specifically lost retirement income, lost household services, and medical expenses. Defendant argues that his opinions do not fit this case because he made his calculations in accordance with Pennsylvania law. Defendant maintains this action is governed by general maritime law, that is maritime common law, which in its view have different rules for damages.

For general maritime law to apply both the location and nexus tests must be satisfied. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). The location test requires that the injury occurred in navigable waters or was caused by a vessel in navigable waters. Id. Harm as a result of work performed on a ship docked on navigable waters is deemed to be harm that occurred on navigable waters.

See Sisson v. Ruby, 497 U.S. 358 (1990). The nexus test requires that the tortious activity has "a potentially disruptive impact on maritime commerce" and bears a "substantial relationship to traditional maritime activity." Jerome B. Grubart, Inc., 513 U.S. at 534 (quoting Sisson, 497 U.S. at 364 n.2, 365 n.4).

The plaintiff does not contest that this action is governed by general maritime law. She counters, however, that the damages about which Bunin will testify are properly recoverable under Pennsylvania law.

Cox was employed by the Navy as a pipefitter and insulator who was allegedly exposed to asbestos from the products of John Crane while he worked on various ships at the Philadelphia Naval Shipyard. Defendant does not cite any statute related to damages under maritime jurisdiction to preclude Bunin's testimony. Defendant does not rely, for example, on the Jones Act, which provides remedies for seamen injured or killed in the course of employment, or the Death on the High Seas Act ("DOHSA"), which provides remedies for those killed on the high seas beyond the territorial waters of the United States.

The court begins its analysis with the Supreme Court's decision in Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199 (1996), a case which came to the Court from the Third Circuit.

See Calhoun v. Yamaha Motor Corp., U.S.A., 40 F.3d 622 (3d Cir. 1994). There, a young girl was killed in a jet ski accident in navigable waters off a beachfront in Puerto Rico. Yamaha, 516 U.S. at 202. Her parents alleged that the ski was defectively designed or made and sought recovery under state survival and wrongful death statutes. Id. at 201-02. The Supreme Court held that the damages available in this maritime case were governed by state law and were not constrained by the limitations under the Jones Act or DOHSA. The Court noted that "[w]hen Congress has prescribed a comprehensive tort recovery regime to be uniformly applied, there is, we have generally recognized, no cause for enlargement of the damages statutorily provided." Id. at 215. In contrast, the Court explained in reaching its holding that "Congress has not prescribed remedies for the wrongful deaths of nonseafarers in territorial waters." Id.

Defendant cites two decisions of the Supreme Court to support its position that Pennsylvania law on damages does not apply here: Miles v. Apex Marine Corp., 498 U.S. 19 (1990), and The Dutra Group v. Batterton, 588 U.S. 358 (2019). Both cases were lawsuits against the employer of a seaman who was either injured or killed.

In Miles, a seaman had been stabbed to death by a fellow crewmember on a vessel docked in the harbor in Vancouver, Washington. 498 U.S. at 21. The decedent's mother and

administratrix brought an action against her son's employer based on the unseaworthiness of the vessel to recover under general maritime law for loss of society and lost future earnings. Id. at 21-22. The Supreme Court held that in wrongful death and survival actions involving the death of a seaman, there can be no recovery for loss of society or lost future earnings. Id. at 22-23. As there was no such recovery under DOHSA or the Jones Act, a uniform rule was paramount. Id. at 31-33, 35-36. The Court deemed itself constrained against providing more expansive remedies for seamen under general maritime law than allowed under these two statutes. See id. at 36-37.

In Batterton, the question before the Supreme Court was whether a seaman could recover punitive damages against his employer for injuries sustained as a result of the unseaworthiness of the vessel. 588 U.S. at 361. The Court held that such damages were not recoverable as they were not available under the Jones Act which provided a statutory cause of action to a seaman injured as a result of the negligence of his employer. Id. at 372-74.

After the Supreme Court's decision in Yamaha, the action returned to the Court of Appeals for the Third Circuit for decision on a number of open questions. In its subsequent

opinion, the Court of Appeals summarized the holding in its earlier decision which had gone to the Supreme Court:

> We concluded that although the Supreme Court . . . had eliminated the use of state law causes of action for deaths of seamen in territorial waters, state causes of action still remained available as relief for the death of non-seamen in territorial waters. The Supreme Court . . . affirmed in an unanimous opinion.

Calhoun v. Yamaha Motor Corp., U.S.A., 216 F.3d 338, 341 (3d Cir. 2000).

In its earlier opinion, before the action came to the Supreme Court, our Court of Appeals had similarly stated:

> We have concluded that whether loss of society, loss of support and services, future earnings, or punitive damages are available for the death of a non-seaman in territorial waters is a question to be decided in accordance with state law.

Calhoun, 40 F.3d at 644.

The Court of Appeals has distinguished between general maritime cases involving harm to seamen and those involving harm to non-seamen. State remedies are available in the latter but not the former. Thus, in ruling on the pending motion, it is important to determine into which category Cox fit during the relevant time period.

The second amended complaint and the answer and cross-claim of John Crane make no allegations that Cox was a seaman. Nor do the briefs of either party concerning the pending motion

discuss this issue. In its affirmative defenses, John Crane only alleges that Cox "was a Navy seaman and/or engaged in a maritime trade." The only relevant facts called to the court's attention by either party are that Cox worked as an insulator and pipefitter on various ships at the Philadelphia Naval Shipyard as a civilian employee of the Navy between 1974 and 1987. It is not disputed that Cox was a maritime worker.

The Supreme Court in Chandris, Inc. v. Latsis, 515 U.S. 347 (1995), grappled with the question of what is necessary for a maritime worker to qualify as a seaman under the Jones Act. The Court first concluded that Congress intended the term seaman to mean what it meant under general maritime law at the time the Jones Act was enacted. Id. at 355. The Court, after a long discussion, determined that "the total circumstances of an individual's employment must be weighed" to "determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time." Id. at 370. To be a seaman, the employee's duties must "contribute to the function of the vessel or to the accomplishment of its mission." Id. at 376. The individual must also "have a connection to a vessel in navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature," that

is, "a maritime employee must have a substantial employment-related connection to a vessel in navigation." Id. at 373, 376. To be a seaman, the time an employee spent with a ship "out of navigation" does not count as time spent at sea. Id. at 373. However, the repair of a ship, even if it is in drydock, must be of sufficient significance for the vessel to be considered no longer in navigation. Id. at 373-74. "Major overhauls or renovations" means the ship is not "in navigation." Id. at 374 (citation modified). Whether a person is a seaman is a mixed question of law and fact. Id. at 369, 373.

Plaintiff has not brought this action under the Jones Act or DOHSA. This is an action under general maritime law. As noted, there is undisputed evidence that Cox was a maritime worker. However, plaintiff does not assert that he was also a seaman. The parties have not called to the court's attention any evidence, for example, that Cox ever went to sea between 1974 and 1987, was a member of the crew of any vessel, or that the ships on which he worked at the Philadelphia Naval Shipyard were in navigation as defined by the Supreme Court in Chandris, 515 U.S. at 373-75.[2]

2 "Judges are not like pigs, hunting for truffles buried in the record." Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (citation modified).

The Supreme Court has made it clear that a maritime worker and a seaman are not necessarily synonymous. See id. at 354-56; Yamaha, 516 U.S. at 202. It would be mere speculation, based on the present record, to find that Cox, while a maritime worker, was a seaman when he was exposed to the asbestos products of John Crane.

Our Court of Appeals, in Yamaha, has made it clear, not once but twice, that state remedies are available in general maritime actions involving non-seamen. See 40 F.3d at 644; 216 F.3d at 341. This Court rejects defendant's challenge to the testimony of plaintiff's expert Royal Bunin based on his damage calculations under Pennsylvania law. His testimony fits this action.

III

Defendant further challenges the reliability, including the methodology, of Bunin even if Pennsylvania law applies. The court finds defendant's arguments unpersuasive and will not preclude his testimony on this basis.